```
          IN THE UNITED STATES DISTRICT COURT FOR
        THE DISTRICT OF MARYLAND, NORTHERN DIVISION
                              *
WEST CHEVROLET, INC.
                              *
     Plaintiff,
                              *
          v.                      CIVIL NO.: WDQ-09-1454
                              *
UNITED STATES OF AMERICA,
                              *
     Defendant.
                              *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION

West Chevrolet, Inc. ("West Chevrolet") seeks the return of a 2007 Chevrolet Monte Carlo ("the car") forfeited to the United States under 18 U.S.C. § 981(C) as property derived from a violation of 18 U.S.C. § 1029 (access device fraud). Pending is the Government's motion to dismiss for lack of subject matter jurisdiction. For the following reasons, the motion will be granted.

I.   Background

West Chevrolet is a car dealership in Alcoa, Tennessee. Pl.'s Mot. Ret. Prop. 1. On July 25, 2007, West Chevrolet sold the car to Kennita L. Young, who used a false name and forged documents to secure financing from General Motors Acceptance Corporation ("GMAC"). *Id*. 1-2. On September 13, 2007, West

1

Chevrolet was informed that the car had been seized in Anne Arundel County, Maryland by the Maryland State Police and the United States Secret Service.  *Id*. 2.

On October 18, 2007, the Secret Service notified West Chevrolet that the car was subject to forfeiture under 18 U.S.C. § 981 as property used or acquired in violation of 18 U.S.C. § 1029.  *Id*. 2; Ex. 2.  The notice advised West Chevrolet that it could:

> contest the seizure and forfeiture of the property in United States District Court by filing a Claim or . . . agree to the forfeiture of the property and petition the U.S. Secret Service for return of the property . . . through the administrative process by filing a Petition for Remission or Mitigation.

*Id*., Ex. 2.  The notice included instructions on contesting the forfeiture by filing a claim or requesting remission or mitigation by filing a petition.  *Id*.

On October 22, 2007, the Secret Service received West Chevrolet's "Petition for Remission/Mitigation."  Def.'s Mot. to Dismiss, Exs. A, F.  West Chevrolet also sent a "Seized Asset Claim Form," Pl.'s Mot. Ret. Prop. 2, but the Secret Service did not receive this form.  Def.'s Mot. to Dismiss 2.

On April 21, 2008, the car was forfeited to the United States.  *Id*., Ex. A.  On August 4, 2008, the Secret Service denied West Chevrolet's petition for remission or mitigation.

Pl.'s Mot. Ret. Prop. 3. On August 5, 2008, West Chevrolet requested reconsideration of the denial. *Id.*, Ex.2. On October 8, 2009, the Secret Service denied that request. *Id.*, Ex. 3.

On June 4, 2009, West Chevrolet moved for return of the car. *See* Fed. R. Crim. P. 41(g); Paper No. 1. On August 14, 2009, the Government moved to dismiss for lack of subject matter jurisdiction. Paper No. 5.

II. Analysis

West Chevrolet contends that the car should be returned because the Government did not comply with the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), 18 U.S.C § 983. Under CAFRA, a person claiming property seized in a nonjudicial civil forfeiture proceeding may file a claim with the appropriate agency official. 18 U.S.C. § 983(a)(2)(A) (2006). Within 90 days of receiving a claim, the Government must file a complaint for judicial forfeiture. *Id*. § 983(a)(3)(A). If the Government does not file a complaint, the property must be released. *Id*. § 983(a)(3)(B). West Chevrolet argues that because it submitted a claim to the Secret Service and the Government did not institute a judicial forfeiture action, the car must be returned.

The Government asserts that the Court lacks subject matter jurisdiction over West Chevrolet's motion.

3

A. Standard of Review

The plaintiff has the burden of proving subject matter jurisdiction. *See Richmond, Fredericksburg & Potomac R.R. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). When a defendant challenges subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Id.* The district court should grant the motion to dismiss "only if the material jurisdictional facts are not in dispute, and the moving party is entitled to prevail as a matter of law." *Id.*

B. CAFRA's "Exclusive Remedy" Provision

The Government contends that the Court's review of an administrative forfeiture is limited to determining whether the agency complied with CAFRA's notice requirements. Def.'s Mot. to Dismiss 4. The Government notes that under 18 U.S.C. § 983(e), "the exclusive remedy for seeking to set aside a declaration of forfeiture" is a motion showing that the Government knew or should have known of the moving party's interest in the forfeited property and failed to provide that party with notice. 18 U.S.C. § 983(e) (2006). Because it is undisputed that West Chevrolet received notice of the pending

4

forfeiture, the Government contends that § 983(e) precludes subject matter jurisdiction.

The Court's jurisdiction is not so limited. The Fourth Circuit has held that although the Government's initiation of forfeiture proceedings divests the courts of jurisdiction over the merits of the forfeiture, the courts have jurisdiction "to determine compliance with due process [and] procedural requirements" after the forfeiture has been completed. *Ibarra v. United States*, 120 F.3d 472, 475 & n.4 (4th Cir. 1997).[1] Accordingly, the Court may exercise jurisdiction for the limited purpose of ensuring compliance with CAFRA, including the requirement that the agency commence a judicial forfeiture action upon receipt of a claim of ownership.

C. The Government's Obligations Under CAFRA

The Government contends that it complied with CAFRA because after notifying West Chevrolet of the pending forfeiture and receiving no claim to the car, it declared it forfeited. It then denied West Chevrolet's petition for remission or mitigation, thus terminating the forfeiture proceeding.

---

[1] *See also Tillman v. United States*, No. 08-3362, 2009 U.S. Dist. LEXIS 60314, *3-4 (D. Md. July 14, 2009); *Harris v. DEA*, No. JFM-00-3716, 2001 U.S. Dist. LEXIS 8242, *3 (D. Md. March 29, 2001).

5

West Chevrolet counters that it submitted a claim to the car with its petition, and triggered the Government's obligation to file a complaint for judicial forfeiture.  The Government denies receiving the claim.

Assuming that West Chevrolet submitted a claim, the submission alone did not trigger the Government's obligation to commence a judicial forfeiture action.  A person who receives a notice of forfeiture has two options.  "He may file a request for judicial forfeiture proceedings with the seizing agency," which must then "refer the request to the applicable United States Attorney, who . . . files a complaint for forfeiture." *Burman v. United States*, 472 F. Supp. 2d 665, 666 (D. Md. 2007).  Alternatively, "[t]he claimant may . . . elect to remain in the administrative forum by filing a petition for remission or mitigation."  *Id.*; 28 C.F.R. §§ 9.1-9.9 (2009).[2]  "A petition for remission or mitigation does not serve to contest the forfeiture, but rather is a request for an executive pardon of the property based on the petitioner's innocence."  *Ibarra*, 120

---

[2] "Claimants are eligible for remission . . . if they are 'innocent' within the terms of the underlying forfeiture statute." *Burman v. United States*, 472 F. Supp. 2d 665, 666 (D. Md. 2007) (*citing* 28 C.F.R. § 9.5(a)).  "Claimants who are not entitled to remission but who can show that they were not involved in the underlying offense and that the forfeiture would cause them extreme hardship may be entitled to mitigation." *Id.* (*citing* 28 C.F.R. § 9.5(b)).

6

F.3d at 475.  "[U]nder remission/mitigation procedures, forfeitability is presumed and the petitioner seeks relief from forfeiture on fairness grounds."  *Id*.

These options are mutually exclusive.  "By timely filing a claim . . . a claimant effectively halts the administrative proceedings by compelling the seizing agency to refer the matter to the United States Attorney . . . for the institution of judicial forfeiture proceedings."  *Id*.  If the claimant elects to remain in the administrative forum, "federal district courts are divested of jurisdiction to hear matters directly or collaterally concerning the property."  *Tillman v. United States*, No. 08-3362, 2009 U.S. Dist. LEXIS 60314, *3-4 (D. Md. July 14, 2009) (*citing Ibarra*, 120 F.3d at 475).

Rather than choosing an option, West Chevrolet apparently attempted to challenge the forfeiture administratively and judicially by filing a petition for remission or mitigation and a claim of ownership.  Although it submitted to the administrative proceeding, West Chevrolet argues that filing a claim also entitles it to a judicial remedy.  West Chevrolet cannot have it both ways; by submitting to the administrative process, West Chevrolet waived its right to a judicial forfeiture action.

West Chevrolet knew that it had a choice, and it chose the administrative process. The Secret Service's notice of forfeiture advised West Chevrolet that it could either:

> contest the seizure and forfeiture of the property in United States District Court by filing a claim *or* . . . agree to the forfeiture . . . and petition the U.S. Secret Service for return of the property . . . through the administrative process by filing a Petition for Remission or Mitigation.

Def.'s Mot. to Dismiss, Ex. B (emphasis added).

The Petition for Remission or Mitigation--which was signed under penalty of perjury by Chief Financial Officer C. Thomas Barnes--made it clear that West Chevrolet's remedy lay in either a judicial or administrative forum, not both. The Petition stated in bold lettering that:

> Petitioner *does not contest the forfeiture*, but agrees with Secret Service that property seized in the referenced case is subject to forfeiture by the U.S. Government. *In filing this petition, Petitioner submits to an administrative (i.e., non judicial) process, whereby Secret Service has authority to consider and determine Petitioner's interest, if any, in the property seized.*

*Id.*, Ex. F. (emphasis added). By filing the Petition, West Chevrolet agreed to have its interest in the car determined by the Secret Service—not the district court.

West Chevrolet did not contest the Secret Service's authority to make this determination. Only after the Secret

8

Service denied its petition for reconsideration did West Chevrolet retain counsel and demand a judicial action.  Even now West Chevrolet does not question the Secret Service's authority to consider the petition; it merely seeks to press its claims in another forum.  However, because the matter has been administratively determined, the Government's motion to dismiss for lack of subject matter jurisdiction must be granted.

III. Conclusion

    For the reasons stated above, the Government's motion to dismiss for lack of subject matter jurisdiction will be granted.


October 22, 2009                                _____/s/_____
Date                                               William D. Quarles, Jr.
                                                       United States District Judge